**FILED**
**Mar 08, 2024**
**02:55 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **TORIBA ALVAREZ,** | ) | **Docket No. 2019-03-1529** |
| **Employee,** | ) | |
| **v.** | ) | |
| **LFC ENTERPRISES, INC.,** | ) | **State File No. 17046-2019** |
| **Employer.** | ) | |
| **And** | ) | |
| **TRAVELERS,** | ) | **Judge Lisa A. Lowe** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

LFC Enterprises accepted Ms. Alvarez's left-ankle injury as compensable and authorized treatment. The current issue involves approval of either a nerve block or a nerve stimulator implant trial ordered by pain management. LFC denied the treatment based on utilization review. After a March 6, 2024 hearing, the Court holds that Ms. Alvarez is likely to prevail at a hearing on the merits on entitlement to a nerve block.

### History of Claim

In February 2019, Ms. Alvarez sustained a left-ankle injury while working. She received conservative orthopedic treatment. Ultimately the orthopedist placed her at maximum medical improvement and assigned a 3% impairment rating. However, because of continued pain, Ms. Alvarez also received authorized pain management treatment.

During pain management, she underwent two nerve blocks in her ankle, which did not help much. Then she had a peripheral nerve block[1], which provided significant improvement. Her pain level went from a 7 or 8 to a 2 or 3, and she reported 80% pain relief for three months before the pain gradually reoccurred.

Based on the improvement, pain management ordered another peripheral nerve

---

[1] Ms. Alvarez's son testified the peripheral nerve block was given in Ms. Alvarez's shin area.

1

block noting:

> This is probably the least invasive and least inconvenient for intervention . . . as opposed to a peripheral nerve stimulator trial and implantation. . . . It's worth noting [she] is not receiving any type of continuous daily opioid therapy, so the only means of pain relief and improvement in her quality of life is this peripheral nerve block.

LFC did not approve the peripheral nerve block. Pain management again wrote that Ms. Alvarez had excellent results from the last peripheral nerve block, and she needed another injection to manage her nerve injury symptoms.

LFC sent the order to utilization review. The reviewer denied the nerve block because Ms. Alvarez's pain returned after the first nerve block and limited information was provided regarding other failed conservative treatment measures. In response, pain management outlined in the treatment notes conservative care measures that Ms. Alvarez treated with a boot, physical therapy, steroid shots, and medications. Further, pain management noted, "her pain remains virtually untreated due to the continued denial of care by the workers' compensation carrier."

Pain management continued to recommend the peripheral nerve block, and LFC continued to deny authorization. Finally, pain management offered a peripheral nerve stimulator trial and implant if successful. They noted that procedure is more invasive and costly, but an option since LFC would not approve the nerve block.

Ultimately pain management submitted an order for the nerve stimulator trial and wrote that "workers' compensation continues to deny services to this minority female Hispanic injured worker based on an unknown set of guidelines." LFC sent the order to utilization review, which denied the treatment because "there is insufficient evidence to support the safety and effectiveness and no documentation of exceptional factors."

**Findings of Fact and Conclusions of Law**

Ms. Alvarez must prove a likelihood of prevailing at a hearing on the merits that she is entitled to the requested benefits. Tenn. Code Ann. § 50-6-239(d)(1) (2023); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Tennessee Code Annotated section 50-6-204(a)(1)(A) states that an employer shall furnish, free of charge to the employee, "treatment . . . made reasonably necessary" by the work accident. Under section 50-6-204(a)(3)(H), any treatment recommended by a physician under this subdivision (a)(3) or by referral, shall be presumed to be medically necessary for treatment.

To determine medical benefits in this case, the Court must weigh the opinions of the authorized pain management provider and the utilization review physicians.

The utilization review physician denied the peripheral nerve block because the pain relief did not last long and limited information on other conservative measures. However, the utilization review physician reviewed the pain management records and included in his report that Ms. Alvarez had bracing, steroid injections, medications, and the ankle nerve blocks. He additionally noted that Ms. Alvarez had an 80% pain reduction that lasted three months.

Pain management treatment recommendations are presumed reasonable and necessary. Additionally, pain management routinely outlined in its notes the conservative treatment Ms. Alvarez tried and failed, the relief she had from the peripheral nerve block, and the fact that the repeated denials by the carrier has left her with no treatment at all for her work-related nerve pain. The pain management notes clearly describe in detail why the peripheral nerve block is warranted. Further, pain management only ordered the peripheral nerve stimulator, a more costly and invasive treatment, because LFC would not authorize the peripheral nerve block. But LFC denied that treatment as well.

The Court gives greater weight to the opinions of the pain management provider and holds that Ms. Alvarez is likely to prevail on entitlement to the peripheral nerve block.

**IT IS, THEREFORE, ORDERED** as follows:

1. LFC Enterprises, Inc. shall provide medical care for Ms. Alvarez's injuries as required by Tennessee Code Annotated section 50-6-204 including, but not limited to, authorizing the ordered peripheral nerve block.

2. The Court sets a Scheduling Hearing on June 7, 2024, at 9:30 a.m. Eastern Time. The parties must call 865-594-0109 or 855-383-0003 to participate.

3. Unless interlocutory appeal of this Expedited Hearing Order is filed, compliance with this Order must occur by seven business days of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance by email to WCCompliance.Program@tn.gov by the compliance deadline. Failure to do so may result in a penalty assessment for non-compliance.

4. For compliance questions, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov

**ENTERED on March 8, 2024.**

_Lisa A. Lowe_

**JUDGE LISA A. LOWE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Rule 72 Declaration of Toriba Alvarez, December 11, 2023
2. Medical Records of Associated Pain Specialists
3. Utilization Review Denial, March 30, 2023
4. Utilization Review Denial, October 25, 2023

Technical Record:

1. Petition for Benefit Determination
2. Hearing Request, December 8, 2021
3. Rule 72 Declaration of Toriba Alvarez, interpreted December 20, 2021
4. Expedited Hearing Order Granting in Part and Denying in Part
5. Dispute Certification Notice, June 20, 2023
6. Notice of Filing Wage Statement
7. Hearing Request, December 11, 2023
8. Employer's Expedited Hearing Pre-Trial Brief
9. Employer's Exhibit List
10. Employer's Notice of Filing Medical Records Table of Contents
11. Employer's Witness List

**CERTIFICATE OF SERVICE**

I certify that a copy of the Order was sent as indicated on March 8, 2024.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Toriba Alvarez<br>Employee | X | X | 1749 Louisiana Avenue<br>Knoxville, TN 37921<br>Christian.hardscapes01@gmail.com |
| Jennifer C. Schmidt<br>Employer's Attorney | | X | JSCHMID@travelers.com |

_Penny Shrum_

**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov

5



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____

*[Signature of appellant or attorney for appellant]*